IN THE UNITED STATES MAGISTRATE COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA          )
                                  )
v                                 )  No. EP:17-CR-04499(1)MAT
                                  )
BIANCA NIEVE VASQUEZ-HERNANDEZ)

INITIAL APPEARANCE
BEFORE THE HONORABLE MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE
OCTOBER 26, 2017

APPEARANCES:

*****NONE ANNOUNCED*****

Interpreter:          Provided

Proceedings recorded by electronic recording.

Transcript produced by Rhonda McCay, CSR, RPR.

1          (Proceedings called to order)

2          THE COURT:  Agents, please raise your right

3   hand.

4          (Agents sworn)

5          THE COURT:  You may have a seat.

6          All right.  Those of you that are using the

7   headsets that are being assisted by the interpreter, if

8   at any time during this hearing you have any trouble

9   with them, please get my attention or the interpreter's

10  attention right away so that we can take care of that

11  problem.

12         I'm Judge Torres.  We're here to conduct your

13  initial appearance.  At this hearing, I will advise you

14  of your rights, of the charges that you face, of the

15  possible maximum sentence that you face.  I will give

16  you information regarding your attorney and date of your

17  next hearing.

18         I'm going to ask you to do me a favor.  I know

19  you're a little bit nervous, but at least try not to

20  shake the chains.  It's a little distracting, okay?

21         In some cases, I will set bond.  In other

22  cases, I cannot set bond because the government has

23  filed a motion to have you detained in those cases.  I

24  will set your case for a detention hearing at which you

25  can request a bond.

1            Now, I need to advise you of some important

2    rights at this time.

3            You do have the right to remain silent.  You

4    don't have to answer any questions about your case.

5    Anything that you say can be used against you in

6    court.

7            Do you understand your right to remain silent?

8            You need to speak up.

9            (Some respond "Yes")

10           THE COURT:  I'm going to ask you -- okay.  I'm

11   going to speak in Spanish for a second.  (Spanish).

12           Those of you being assisted by the court

13   interpreter, do you understand your right to remain

14   silent?

15           (All respond "Yes")

16           (Proceedings continued but are not made a part

17   of this record)

18           THE COURT:  Now, you also have the right to a

19   lawyer.  You can hire the attorney of your choice or I

20   will appoint a lawyer for you.

21           Do you understand that you have the right to

22   have a lawyer represent you?

23           (All respond "Yes")

24           (Proceedings continued but are not made a part

25   of this record)

THE COURT:  All right.  If you do not have the
money to hire a lawyer for you -- is there anybody here
who has already hired an attorney?

(Proceedings continued but are not made a part
of this record)

THE COURT:  Anybody else who has hired an
attorney?

(No response)

THE COURT:  All right.  Then I will be
appointing a lawyer for all of you who cannot afford
one.  I will be taking some financial information from
you in a few minutes just to determine whether or not
you do qualify or not.

I need to advise you of an additional right,
and this right applies to those you have who are not
citizens of the United States.  If you are not a citizen
of the United States, you have the right to inform the
consulate of your home country, that is, the
representative of your home country here in the United
States -- the government representatives of your home
country here in the United States, that you've been
arrested.

You can make this request -- or, basically, you
can ask that your consulate be informed and you can ask
a federal law enforcement agent or a lawyer for the U.S.

1    government to notify your consulate if you wish.

2            Do all of you understand these consulate rights

3    that I've just explained?

4            (All respond "Yes")

5            (Proceedings continued but are not made a part

6    of this record)

7            THE COURT:  All right.  Now, some of you will

8    also have the right to a preliminary hearing to

9    determine if the government has enough evidence to hold

10   you to answer to the charges it is making against you.

11           With the exception of Mr. Herrera, the rest of

12   you are charged by a document called a criminal

13   complaint.  This criminal complaint states the specific

14   law that you are alleged to have violated.  It has the

15   time and date of your -- the alleged violation of the

16   law, and it also has a statement facts in support of

17   this allegation.  This statement of facts is sworn to by

18   an agent involved in your case.

19           Okay.  I'm required to tell you what the

20   charging document is that's being used to accuse you.

21           Now, I will speak to you individually and in

22   groups.  Please stand up and say "Present" when I call

23   your name.

24           (Proceedings continued but are not made a part

25   of this record)

THE COURT:  Bianca Nieve Vasquez-Hernandez?

THE DEFENDANT:  Present.

THE COURT:  Each of you is charged with the misdemeanor offense of illegal entry into the United States.  This charge carries a possible sentence of anywhere from no time in jail up to a maximum of six months in jail, a fine of zero up to $5,000 and a $10 special assessment.  Now, that is the possible maximum sentence, all right?

In each your cases, I'm setting your next court hearing for November 2nd at 9:30 in the morning.  I'm also setting bond at $5,000 cash or corporate surety.

If either you have any intention of paying the bond or having your family pay the bond, I would strongly recommend that you speak to your attorney first before you do so because your attorney may want to make you aware of some facts that could impact your decision as to whether you pay your bond or not.

Now, let me ask each of you:  Do either of you own your own home or any land or property?  Land or buildings, I should say.

THE DEFENDANT:  No.

THE COURT:  Do either of you have over $500 in any bank account that you have access to or in your jail commissary account?

1          THE DEFENDANT:  No.

2          THE COURT:  All right.  Then based on that

3   information, I find that you do qualify for an appointed

4   lawyer.

5          Let me ask either of you:  Were either of you

6   accompanied by a minor sibling or minor children?

7          THE DEFENDANT:  My son.

8          THE COURT:  How old is your son, Ms. Vasquez?

9          THE DEFENDANT:  13 years old.

10         THE COURT:  And you were separated from your

11  son at the time of your -- of your arrest; is that

12  correct?

13         THE DEFENDANT:  I was separated from my son at

14  immigration.

15         THE COURT:  All right.  Did the --

16         THE DEFENDANT:  Right now I don't know anything

17  about him.

18         THE COURT:  Did the authorities provide you

19  with any information as to how to contact either your

20  son or the agency that's holding your son?

21         THE DEFENDANT:  They only said that he was with

22  the camps and that, probably, yesterday, that is

23  Wednesday, I would be able to know more about him.

24         THE COURT:  Were you given any information, a

25  contact number of somewhere you could call or somebody

1    could call on your behalf to determine the well-being or

2    the whereabouts of your child?

3           THE DEFENDANT:  No.  I wasn't told anything.

4    They just said in their camps.

5           THE COURT:  And were you given any paperwork in

6    this respect?

7           THE DEFENDANT:  No.  They didn't say anything.

8    I was told that he was going to be taken to a place

9    where they put minors, and then I was taken somewhere

10    else.

11           THE COURT:  All right.  Ms. Vasquez, I'm

12    appointing you a lawyer to represent you in this

13    criminal charge.  But make sure that when you talk to

14    your lawyer -- your lawyer should be out to see you

15    hopefully tomorrow, but it could be early next week --

16    that you discuss this with your lawyer, and your lawyer

17    might be able to give some assistance in terms of trying

18    to get some information about the well-being or the

19    whereabouts of your child, all right?

20           THE DEFENDANT:  I was only told that he was

21    going to be taken to where the government puts them and

22    that he was going to be okay.  That's all I was told.

23           THE COURT:  All right.  Just what I'm saying

24    is, you're going to have an attorney represent you on

25    these charges.  I'm appointing you an attorney.  Discuss

this issue about your child with the attorney, and your attorney may be able to render some assistance to you in terms of trying to just get some information on your child, where they are and how they're doing, okay?

I'm sure it's a very --

THE DEFENDANT:  Yes, because that's what I'm worried about because -- not knowing anything about him.

THE COURT:  I would be very worried as well if it was me.  So I understand your worry and I understand your frustration.

Hopefully, your attorney can help you out, okay?

THE DEFENDANT:  Okay.

THE COURT:  I'm appointing the office of the Federal Public Defender to represent you in this case. The Office of the Federal Public Defender is a lawyers' office of about 20 lawyers.  One individual lawyer from that office will be designated by that office to be your attorney and will be by to see you here in the next day or two.  Actually, I wouldn't be see surprise if they saw you tomorrow sometime.

Have you understood everything I've said, Ms. Vasquez?

THE DEFENDANT:  Yes.

1    (Proceedings continued but are not made a part

2  of this record)

3    THE COURT:  Do each of you -- do either of you

4  have any questions?

5    (Proceedings continued but are not made a part

6  of this record)

7    THE COURT:  And Ms. Vasquez?

8    THE DEFENDANT:  Well, I would like to find out

9  where my son is.  Is the attorney going to tell me, or

10  what's going to happen?

11    THE COURT:  Your attorney is appointed to

12  represent you on this criminal charge.  But given that

13  you have this concern, given that it can have an impact

14  in your case as to whether you decide to plead guilty or

15  not, since the government has your child, you can

16  discuss this with your attorney and hopefully your

17  attorney can give you some assistance, all right, in

18  terms of being able to locate the child.

19    Sometimes it can be a little bit of a

20  complicated question and calling several places or

21  whatever.  But your attorney should be able to assist.

22    Do you understand?

23    THE DEFENDANT:  All right.

24    THE COURT:  All right.  Very well.  You can

25  have a seat, both of you.

1    (Proceedings continued but are not made a part

2  of this record)

3    THE COURT:  Is there anybody here whose name I

4  did not call?

5    (No response)

6    THE COURT:  All right.  All of you will be

7  meeting with your attorney in the very near future.  He

8  or she will discuss with you in detail everything that

9  we've talked about today.

10    In a few minutes, you are going to receive

11  written notice that your case has been set for its next

12  hearing.  This written notice will contain the name and

13  contact information of your attorney should your family

14  need to contact an -- the attorney prior to your next

15  court hearing.

16    (Proceedings continued but are not made a part

17  of this record)

18    THE COURT:  As to the rest of you -- as to all

19  of you, actually, I'm turning you over to the custody of

20  the U.S. Marshals, and we are in recess on these

21  cases.

22    (Proceedings concluded)

23

24

25

1        CERTIFICATE OF ELECTRONIC RECORDING

2

3        I, Rhonda McCay, CSR, RPR, certify that the

4   foregoing is a correct transcription from the electronic

5   recording of the proceedings in the above-entitled

6   matter.

7        I further certify that I am neither counsel

8   for, related to, nor employed by any of the parties to

9   the action in which this electronic recording was taken,

10  and further that I am not financially or otherwise

11  interested in the outcome of the action.

12        Signed this 8th day of November, 2017.

13

14

15  /s/ Rhonda McCay_____
    Rhonda McCay, RPR, CSR 4457
16  Date of Expiration:  12/31/2018
    REPORTERS INK, LLC
17  221 North Kansas, Suite 1101
    El Paso, Texas 79901
18  Ph.: 915.544.1515

19

20

21

22

23

24

25